**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WILLIE JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER TARIC. G. WEBB, OFFICER SWAZILA T. MANKER, OFFICER DOE #1, SERGEANT STANLEY MULLINS, OFFICER CLEVELAND, and the CITY OF CHICAGO,<br><br>    Defendants. | No. 08 CV 2648<br><br>JUDGE PALLMEYER<br><br>MAGISTRATE JUDGE COX |

**THIRD AMENDED COMPLAINT AT LAW**

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson, & Baker LLC., and pursuant to this Third Amended Complaint at Law, states the following against the above-named Defendants, to wit OFFICER TARIC G. WEBB ("OFFICER WEBB"), OFFICER SWAZILA T. MANKER ("OFFICER MANKER"), SERGEANT STANLEY MULLINS ("SERGEANT MULLINS"), OFFICER CLEVELAND, and OFFICER DOE #1, (collectively hereinafter the "DEFENDANT OFFICERS"), and the CITY OF CHICAGO:

**JURISDICTION**

1.    The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**PARTIES**

2.    PLAINTIFF is a resident of the State of Illinois and of the United States.

1

3. OFFICER WEBB arrested PLAINTIFF and was in the room with PLAINTIFF when PLAINTIFF'S knee was kicked.

4. OFFICER MANKER arrested PLAINTIFF and was in the room with PLAINTIFF when PLAINTIFF'S knee was kicked.

5. OFFICER DOE #1 was at the police station where PLAINTIFF was being held and was in the room with PLAINTIFF when PLAINTIFF'S knee was kicked.

6. OFFICER DOE #1, upon information and belief, is a white (Caucasian) officer with an athletic build.

7. SERGEANT MULLINS, upon information and belief, was at the police station where PLAINTIFF was being held and was in the room with PLAINTIFF when PLAINTIFF'S knee was kicked.

8. SERGEANT MULLINS, upon information and belief, was a sergeant, wearing a white shirt at the time, and is an African-American male.

9. OFFICER CLEVELAND was at the police station where PLAINTIFF was being held and was present when PLAINTIFF requested medical attention.

10. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

11. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint. At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

## **FACTS**

12. On or about February 29, 2008 at approximately 4:15 a.m., PLAINTIFF was arrested by OFFICER WEBB and OFFICER MANKER after an incident that occurred at a restaurant at 63rd and Cottage Grove.

13. Subsequently, PLAINTIFF was taken to the Third District police station and was handcuffed to a bench and/or bar in an interview room.

14. At some point in time shortly thereafter, SERGEANT MULLINS, upon information and belief, entered the interview room and struck PLAINTIFF in the face, among other things. OFFICER WEBB and OFFICER MANKER were in the room when this happened. OFFICER DOE #1, among other officers, was watching from the hallway when this happened.

15. At some further point in time, OFFICER WEBB, OFFICER MANKER, OFFICER DOE #1 and SERGEANT MULLINS were all in the room with PLAINTIFF.

16. At the period of time when OFFICER WEBB, OFFICER MANKER, OFFICER DOE #1 and SERGEANT MULLINS were in the room with PLAINTIFF, PLAINTIFF was kicked by one of the officers in the knee, causing him to fall down. PLAINTIFF did not see which officer kicked his knee.

17. This caused injury to his knee, among other injuries. PLAINTIFF'S knee injury consists of an ACL injury and PLAINTIFF has been told it will require surgery.

18. After falling, PLAINTIFF was further injured by the officers when some or all of them grabbed him and smashed him into the corner of the room. OFFICER WEBB, OFFICER MANKER, OFFICER DOE #1 and SERGEANT MULLINS were present when this occurred.

19. PLAINTIFF requested medical treatment for his injuries while at the station. PLAINTIFF was denied medical treatment by some or all of the DEFENDANT OFFICERS, including, but not limited to, OFFICER WEBB and OFFICER CLEVELAND.

20. On or about February 29, 2008, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

21. On or about February 29, 2008, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

22. The show of force initiated by and/or the failure to intervene in the use of said force by the OFFICER WEBB, OFFICER MANKER, OFFICER DOE #1 and SERGEANT MULLINS caused an unreasonable seizure to the PLAINTIFF.

23. On February 29, 2008, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

24. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

25. On or about February 29, 2008, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

26. Upon information and belief, OFFICER WEBB, on February 29, 2008, came into physical contact with PLAINTIFF.

27. Upon information and belief, OFFICER MANKER, on February 29, 2008, came into physical contact with PLAINTIFF.

28. Upon information and belief, OFFICER DOE #1, on February 29, 2008, came into physical contact with PLAINTIFF.

29. Upon information and belief, SERGEANT MULLINS, on February 29, 2008, came into physical contact with PLAINTIFF.

30. Upon information and belief, OFFICER CLEVELAND, on February 29, 2008, came into physical contact with PLAINTIFF.

## CONSPIRACY

31. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

   a. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

   b. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

   c. denying medical attention to the PLAINTIFF;

   d. agreeing not to report each other after denying medical attention to the PLAINTIFF; and

   e. generating false documentation to cover-up for their own and each other's misconduct.

32. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about February 29, 2008, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately

5

caused PLAINTIFF to, *inter alia*, suffer injury, be charged with criminal allegations, and suffer emotionally.

## COUNT I
### §1983 Excessive Force

33. PLAINTIFF re-alleges paragraphs 1 – 32 as though fully set forth herein.

34. The actions, and/or the failure to intervene in the actions, of the OFFICER WEBB, OFFICER MANKER, OFFICER DOE #1 and SERGEANT MULLINS amounted to an excessive use of force onto PLAINTIFF. This conduct violates the Fourth Amendment of the United States Constitution.

35. The aforementioned actions of the OFFICER WEBB, OFFICER MANKER, OFFICER DOE #1 and SERGEANT MULLINS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the OFFICER WEBB, OFFICER MANKER, OFFICER DOE #1 and SERGEANT MULLINS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the OFFICER WEBB, OFFICER MANKER, OFFICER DOE #1 and SERGEANT MULLINS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### Battery –State Claim

36. PLAINTIFF re-alleges paragraphs 1 – 32 as though fully set forth herein.

37. The OFFICER WEBB, OFFICER MANKER, OFFICER DOE #1 and SERGEANT MULLINS struck and/or did not prevent the striking of the PLAINTIFF intentionally, without consent and without justification.

38.  The conduct of the OFFICER WEBB, OFFICER MANKER, OFFICER DOE #1 and SERGEANT MULLINS was in violation of Illinois Law.

39.  The aforementioned actions of the OFFICER WEBB, OFFICER MANKER, OFFICER DOE #1 and SERGEANT MULLINS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the OFFICER WEBB, OFFICER MANKER, OFFICER DOE #1 and SERGEANT MULLINS. PLAINTIFF also demands punitive damages and costs against the OFFICER WEBB, OFFICER MANKER, OFFICER DOE #1 and SERGEANT MULLINS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### COUNT III
### § 1983 Deliberate Indifference to Medical Needs

40.  PLAINTIFF re-alleges paragraphs 1 – 32 as though fully set forth herein.

41.  The actions of the DEFENDANT OFFICERS were deliberately indifferent to the medical needs of PLAINTIFF in that said OFFICERS failed to provide PLAINTIFF with immediate medical attention after causing injury to PLAINTIFF.

42.  Said OFFICERS, instead of transporting PLAINTIFF for immediate medical treatment, collectively and/or individually, sought to cover-up the misconduct by processing PLAINTIFF as a criminal, instead of providing immediate medical treatment.

43.  This conduct violated the Fourteenth Amendment to the United States Constitution.

44.  The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

7

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
### § 1983 Conspiracy Claim

45. PLAINTIFF re-alleges paragraphs 1 – 32 as though fully set forth herein.

46. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia*, the Fourth Amendment and Fourteenth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT V
### Conspiracy Claim – State Law

47. PLAINTIFF re-alleges paragraphs 1 – 32 as though fully set forth herein.

48. The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VI
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

49. PLAINTIFF re-alleges paragraphs 1 – 32 as though fully set forth herein.

50. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

51. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint.

## COUNT VII
### Supplementary Claim for *Respondeat Superior*

52. PLAINTIFF re-alleges paragraphs 1 – 32 as though fully set forth herein.

53. The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

54. Plaintiff demands trial by jury.

Respectfully submitted,


s/ Rachelle Sorg
Attorney for the Plaintiff



**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076